IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| CARROLL WILLIAM LEWIS, II, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 21-1105-HLT-KGG |
| | ) | |
| JOSEPH ROBINETTE BIDEN, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM & ORDER DENYING**
**PLAINTIFF'S REQUEST TO CORRECT THE RECORD OF THE COURT**

Now before the Court is Plaintiff's request to correct the record of the Court by including his "tribal title" of "King" on actions taken by the clerk. (Doc. 14, at 1.)[1] Having reviewed the submission, Plaintiff's motion is **DENIED** for the reasons set forth below.

---

[1] Plaintiff's request to be referred to as "King" is contained in an affidavit (Doc. 14) he submitted that is ostensibly in support of his "Motion to Correct Record of the Court" (Doc. 10). The actual underlying motion does not, however, contain a reference to Plaintiff's tribal title or a request for him to be addressed by that title. (*See generally* Doc. 10.) The motion includes only Plaintiff's request that the record of the Court be "corrected" as to "clerical errors made by the Office of the District Court Clerk District of Kansas" relating to the designation of the party Defendants in this case. (Doc. 10.) The request relating to Plaintiff's "title" is contained only in the supporting affidavit. (Doc. 14.) This Order relates only to the request relating to Plaintiff's "title," as contained in the affidavit. The issues regarding the designation of the Defendants, as contained in the motion (Doc. 10), will be subsequently addressed by separate order from the Court.

## BACKGROUND

The request now before the Court arises from a case alleging that Defendants unlawfully discriminated against Plaintiff, conspired to interfere with his civil rights, failed to prevent unlawful breeding and trafficking of stolen goods of his "Kingdom," and knowingly participated in the trafficking of stolen goods from his "Kingdom." (Doc. 1, ¶¶ 1-2.)

This request arises from Plaintiff's allegation of clerical errors, by which he is not referred to by his "tribal title" of "King" on the Court's electronic docketing system, CM/ECF. (Doc. 14, at 1.) Plaintiff seeks "[r]elief from errors by appropriate correction . . . [and] request[s] District Court Clerk District of Kansas include Plaintiffs Tribal title of King on actions of the clerk as original complaint filing include." (*Id.*)

Plaintiff asserts that he is the "King of the Holy Kingdom of Judah." (Doc. 1, at ¶ 2.) Plaintiff supports this by asserting that he obtained a DNA test which confirms that he is a member of the "tribute of Judah a Judahite." (*Id.* at ¶ 26.)

## ANALYSIS

Motions to petition the Court to proceed under a pseudonym are governed by Fed.R.Civ.P. 17(a)(1), which provides that "[a]n action must be prosecuted in the name of the real party in interest. . . ." Fed.R.Civ.P. 17(a)(1). Simply stated, a party must use their real name and may not use another name or title without the

district court's permission. ***Doe v. Kansas State University***, No. 20-2258-HLT-TJJ, 2021 WL 84170 at *2 (D. Kan. 2021) (holding that "[a] party who wishes to … proceed under a pseudonym must first petition the district court for permission.") (citation omitted). A party may proceed under a pseudonym if there are exceptional circumstances. ***Raiser v. Church of Jesus Christ of Latter-Day Saints***, 182 Fed.Appx 810, 811 (10th Cir. 2006) (holding that exceptional circumstances exist if "[t]he case involves matters of a [']highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of . . . identity.[']")

Plaintiff requests that, pursuant to Fed.R.Civ.P. 60(a), the Court correct the record to refer to him by his tribal name of "King." (Doc. 14, at 1.) Plaintiff argues that failure to refer to him as "King" is a clerical error by the Court. (*Id.*) However, the Court takes judicial notice that the United States government does not recognize "the Holy Kingdom of Judah" as a sovereign state. (*Countries & Areas*, https://www.state.gov/countries-and-areas-list/); *see also* ***Akers v. Shute***, No. 08-3106-SAC, 2011 WL 673762 at *2 (D. Kan. 2011) (holding that a court is permitted to take judicial notice of a particular fact) (citation omitted). Therefore, Plaintiff has not demonstrated why he is entitled to have the record corrected to refer to him as "King."

Plaintiff must demonstrate exceptional circumstances that would justify proceeding under the pseudonym "King." Plaintiff has failed to do so. Because Plaintiff has not demonstrated an exceptional circumstance, the Court **DENIES** Plaintiff's request.

**IT IS THEREFORE ORDERED** that the request contained in Plaintiff's affidavit (Doc. 14) is **DENIED**.

IT IS SO ORDERED.

Dated this 30th day of June, 2021, at Wichita, Kansas.

                                S/ KENNETH G. GALE
                                HON. KENNETH G. GALE
                                U.S. MAGISTRATE JUDGE