**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| CARROLL WILLIAM LEWIS, II,   ) | |
| ) | |
| Plaintiff,   ) | |
| ) | |
| v.   ) | Case No.: 21-1105-HLT-KGG |
| ) | |
| JOSEPH ROBINETTE BIDEN, et al.,   ) | |
| ) | |
| Defendants.   ) | |
| _____) | |

**MEMORANDUM & ORDER ON
<u>PLAINTIFF'S MOTION FOR CHANGE OF JUDGE</u>**

Now before the Court is Plaintiff's motion "for change of judge." (Doc. 35.) Having reviewed the submission, Plaintiff's motion is **DENIED**.

Citing K.S.A. §20-311d(a), Plaintiff requests that the undersigned Magistrate Judge remove himself from the case because Plaintiff "believes that the Magistrate Judge to whom this action is assigned cannot afford that party a fair trial in this action." (*Id.*, at 2.) This request fails for two reasons.

First, Plaintiff's request relies on a state of Kansas statute governing a "change of judge" that has no bearing on these proceedings. The Court will, however, consider Plaintiff's motion as a request for the undersigned to recuse himself.

1

In federal cases, recusal is governed by 28 U.S.C.A. §455, titled "disqualification of justice, judge, or magistrate judge." Pursuant to § 455, a judge must disqualify him- or herself "in any proceeding in which his impartiality might reasonably be questioned," or "[w]here he has a personal bias or prejudice concerning a party … ." 28 U.S.C. § 455(a) & (b)(1). "The test for determining impartiality is an objective one, based on a judge's 'outward manifestations and reasonable inferences drawn therefrom.'" ***Woods v. Ross***, Nos. 21-2011, -2012, -2013, -2014, 2021 WL 3077236, at *2 (D. Kan. July 21, 2021) (citing ***Nichols v. Alley***, 71 F.3d 347, 351 (10th Cir. 1995) (citation omitted)). "Speculation, opinion, and adverse rulings are no reason for recusal under § 455." *Id*. (citing ***United States v. Cooley***, 1 F.3d 985, 993–94 (10th Cir. 1993)).

Plaintiff has failed to identify any reason to call into question the undersigned Magistrate Judge's impartiality or suggest a bias or prejudice. Plaintiff's apparent discontent with any adverse rulings by the undersigned does not create a basis for recusal.

Second, Plaintiff asserts his belief "that the Magistrate Judge to whom this action is assigned cannot afford that party a fair trial in this action." (Doc. 35, at 2.) The undersigned Magistrate Judge could provide a fair trial to Plaintiff. The undersigned will not, however, preside over trial of this action. Rather, the case is

assigned to a District Judge, the Honorable Holly L. Teeter, who will preside over trial of this matter.

**IT IS THEREFORE ORDERED** that Plaintiff's motion (Doc. 35) is **DENIED**.

IT IS SO ORDERED.

Dated this 26th day of July, 2021, at Wichita, Kansas.

                                        S/ KENNETH G. GALE
                                        HON. KENNETH G. GALE
                                        U.S. MAGISTRATE JUDGE